UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
JOHN MCBRIDE                        )
                Petitioner,         )
                                    )
v.                                  )   Crim. No. 13-CR-10195-PBS
                                    )
UNITED STATES OF AMERICA            )
                                    )
                Respondent.         )
_____)

**MEMORANDUM AND ORDER**

October 18, 2016

Saris, C.J.

**INTRODUCTION**

Pro se petitioner John McBride, a former criminal defense attorney, has moved under 28 U.S.C. § 2255 for habeas relief alleging ineffective assistance of counsel in violation of the Sixth Amendment. The motion is **DENIED.**

**FACTUAL BACKGROUND**

Petitioner pleaded guilty, without a plea agreement, to one count of Endeavoring to Obstruct or Impede the Due Administration of the Internal Revenue Laws in violation of 26 U.S.C. § 7212(a) and one count of Bank Fraud in violation of 18 U.S.C. § 1344. With regard to the Internal Revenue Service

(IRS) offense, Petitioner recorded false and fraudulent tax lien releases totaling nearly $900,000 on real estate he owned in Massachusetts. As a result of these fraudulent releases, McBride secured a loan from a private lender on his property. When this property eventually sold during bankruptcy proceedings, the IRS no longer had a recorded lien on the property and recovered $94,000 less from the sale than it was due on the actual taxes. The Presentence Report stated the IRS sustained an actual tax loss of $643,564.25 for the actual taxes with interest and penalties added. Petitioner objected to the actual loss amount because it included interest and penalties, and argued that he did not have a subjective intent to cause the loss. (See PSR Objection 2 at 27) The Court found that the actual loss caused by Mr. McBride's tax offense was $94,000. After calculating the guidelines, the Court found the guideline range was 24-30 months, and sentenced Mr. McBride to 24 months. There was no appeal.

## DISCUSSION

Petitioner claims his attorney's failure to adequately address intended loss at sentencing implicates the Sixth Amendment right to effective assistance of counsel. To succeed on an ineffective assistance of counsel claim, the petitioner must establish that (1) counsel's representation fell below "an

objective standard of reasonableness," and (2) a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." United States v. De La Cruz, 514 F.3d 121, 140 (1st Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Review of counsel's performance is "highly deferential" and subject to "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A "defendant's failure to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining prong." Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010).

Petitioner's representation did not fall below "an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. Petitioner claims his attorney failed to argue that Petitioner did not intend any permanent loss to the IRS and he was thereby prejudiced by the loss enhancement to his guideline range. However, Petitioner's attorney raised this argument several times. See PSR Objection 2 at 27; Docket No. 88, Defendant's Sentencing Memorandum, at 7, 9; Docket No. 107 Ex. 1, Rule 11 Hearing transcript, at 9-10, 17; Docket No. 107 Ex. 2, Sentencing Hearing transcript, at 31. As such, Petitioner

does not establish that his representation fell below an objective standard of reasonableness and his Strickland claim fails. See, e.g., Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010) ("A defendant's failure to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining prong.").

Moreover, intended loss was not the applicable measure of culpability here. Under 2B1.1, loss is calculated as the greater of actual loss or intended loss. U.S.S.G. § 2B1.1 cmt. n. 3(A). Actual loss is defined as the "reasonably foreseeable pecuniary harm that resulted from the offense." U.S.S.G. § 2B1.1, cmt. n. 3(A)(i); whereas "intended loss" means "*(I)* the pecuniary harm that the defendant purposely sought to inflict; and *(II)* includes intended pecuniary harm that would have been impossible or unlikely to occur." U.S.S.G. § 2B1.1, cmt. n. 3(A)(ii). Petitioner claims he never intended to cause the IRS a loss. Even if true, loss is calculated as the greater of actual loss or intended loss. United States v. Stergios, 659 F.3d 127, 135-36 (1st Cir. 2011) (quoting U.S.S.G § 2B1.1 cmt. n. 3(A)); United States v. McCoy, 508 F.3d 74, 78-79 (1st Cir. 2007). Thus, even if the intended loss were zero, the greater of intended or actual loss is used in the guideline calculation.

At sentencing, the Court did not adopt the actual loss amount requested by the government and calculated the actual

4

loss for the IRS offense to be in the amount of $94,000. There was no objection by defendant. Additionally, the Court concluded, "even if my Guideline calculations are wrong, under 3553(a), I think that is the appropriate penalty to deter Mr. McBride from engaging in any future fraud . . . . And I also think that it's a serious offense . . . ." Docket No. 107 Ex. 2, Sentencing Hearing transcript, at 44. Since the Court used the actual loss in the calculation of Petitioner's guideline range, and the Court found that the sentence was appropriate even if there were an error in the guideline range calculation, Petitioner cannot show he was prejudiced even if his attorneys' representation concerning intended loss was deficient – which it was not.

## ORDER

For the foregoing reasons, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**.

/s/ PATTI B. SARIS_____
Patti B. Saris
Chief United States District Judge